UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| DAMON ANTHONY BRAZILE,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. ED CV 14-01367-DFM<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Damon Anthony Brazile ("Plaintiff") appeals the final decision of the Administrative Law Judge ("ALJ") denying his application for disability insurance benefits. On appeal, the Court concludes that the ALJ erred in determining that Plaintiff was able to perform work as a cashier II, small products assembler, and a laundry sorter. The ALJ's decision is therefore reversed and the matter is remanded for further proceedings consistent with this opinion.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed his application for disability insurance benefits on September 13, 2011, alleging disability beginning February 20, 2010.

Administrative Record ("AR") 82. At the hearing before the ALJ on February 5, 2013, a medical expert ("ME") testified that the Plaintiff was limited to, among other things, "[n]o . . . overhead reaching with either upper extremit[y]." AR 39. Shortly thereafter, the ALJ asked the VE to assume a hypothetical individual with Plaintiff's age, education, and work experience as well as the physical limitations described by the ME. AR 41-42. The VE testified that someone with Plaintiff's limitations could perform the jobs of cashier II, small products assembly, and laundry sorter, as described in the Dictionary of Occupational Titles ("DOT"). AR 42.

In a report on February 25, 2013, the ALJ found that Plaintiff had a residual functional capacity ("RFC") that included the limitations described by the ME, including a limitation that "he can never engage in overhead reaching." AR 16. Relying on the VE's testimony, the ALJ concluded that Plaintiff was not disabled because he could perform work in the national economy as a cashier II, small products assembler, and laundry sorter. AR 20.

## II.
## ISSUE PRESENTED

The parties dispute whether the ALJ erred in relying upon the VE's testimony in concluding that Plaintiff was capable of performing the other work available in the national economy. See Joint Stipulation ("JS") at 4.

## III.
## DISCUSSION

Plaintiff contends that the ALJ erred in determining that he was capable of performing work as a cashier II, small products assembler, and laundry sorter because those jobs, as described in the DOT, are incompatible with the ALJ's RFC assessment. JS at 4-8, 9-10. Plaintiff points out that the ALJ's RFC assessment determined that Plaintiff was "can never engage in overhead reaching." AR 16. Plaintiff contends that these limitations preclude him from

2

working as a cashier II, small products assembler, and laundry sorter because those jobs, as described in the DOT, require "frequent" reaching. JS at 5.

The requirements listed by the DOT for the jobs of a cashier II, small products assembler, and laundry sorter each include reaching "frequently." DICOT 211.462-010, 1991 WL 671840; DICOT 706.684-022, 1991WL 679050; DICOT 361.687-014, 1991WL 672991. The Social Security Regulations define reaching as "extending the hands and arms in <u>any</u> direction." Social Security Ruling ("SSR") 85-15, 1985 WL 56857, at *7 (emphasis added). It is apparent that the DOT's requirements conflict with a limitation against reaching overhead.

When an expert's testimony conflicts with a DOT job listing, the ALJ "must elicit a reasonable explanation for the conflict before relying on the [expert's] evidence to support a determination or decision about whether the claimant is disabled." SSR 00-4p, 2000 WL 1898704, at *2; see also <u>Massachi v. Astrue</u>, 486 F.3d 1149, 1153-54 (9th Cir. 2007). An ALJ's failure to perform this step constitutes procedural error. <u>Id.</u> at 1153-54 & n.19. However, the Court may find the procedural error to be harmless if the VE provided sufficient support for his conclusion so as to justify any potential conflicts. <u>Id.</u> at 1154 n.19.

Here, it is apparent from the record that the VE did not explain the basis for the conclusion that a person with Plaintiff's limitation from reaching overhead with either arm could perform the jobs of a cashier II, small products assembler, or laundry sorter, jobs which require frequent reaching according to the DOT. Moreover, the VE did not provide an evidentiary basis for the ALJ to justify a divergence from the DOT listing in this particular case. The VE concluded that Plaintiff could perform the listed jobs even though his limitations appear to contradict the jobs' requirements. This disparity required an explanation from an expert sufficient for the ALJ and the Court to defer to

and rely upon. As a result, it appears that the Court "ha[s] an apparent conflict with no basis for the vocational expert's deviation," a circumstance that compels a remand so that the ALJ can perform the appropriate inquiry under SSR 00-4p. See Massachi, 486 F.3d at 1154 & n.19.

The Commissioner argues that Plaintiff's preclusion from reaching overhead does not conflict with the requirements of the identified jobs, as provided in the DOT. JS at 8. The Commissioner notes that "SSR 85-15 provides that reaching can potentially include 'extending the hands and arms in any direction.'" Id. (citing SSR 85-15, 1985 WL 56857, at *7). However, the Commissioner argues that Plaintiff's "assertion of conflict between the VE's testimony and RFC finding is entirely speculative," because "Plaintiff presents absolutely no evidence beyond his lay speculation that the three representative jobs the vocational expert specifically identified as not requiring overhead reaching would in fact require overhead reaching." Id. This Court is unpersuaded by the Commissioner's argument.

An ALJ is allowed to "take administrative notice of reliable job information available from various governmental and other publications," including the DOT. 20 C.F.R. § 404.1566 (d). In this instance, as noted by the ALJ, the VE relied upon the DOT in determining that Plaintiff could perform representative jobs. See AR 42. The VE relied upon the DOT in determining that Plaintiff could perform the representative jobs despite the fact that, according to the DOT, the jobs of cashier II, small products assembler, and laundry sorter require frequent reaching, which conflicts with the ALJ's assessment that Plaintiff could never engage in overhead reaching. The DOT, upon which the VE relied, simply does not distinguish between overhead reaching and any other kind of reaching. See, e.g., Mkhitaryan v. Astrue, No. 09-6971, 2010 WL 1752162, *3 (C.D. Cal. Apr. 27, 2010) ("As defined in the [DOT], the plain meaning of 'reaching' encompasses above-the-shoulder

reaching.").

Whether to remand for further proceedings or award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. Lewin, 654 F.2d at 635. Based on the foregoing, the Court finds that remand is warranted for clarification as to the impact, if any, of Plaintiff's reaching limitations on his ability to perform the occupations of cashier II, small products assembler, and laundry sorter, and to sufficiently explain any deviation from the DOT.

## IV.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is reversed and the matter is remanded for further proceedings consistent with this opinion.

Dated: April 27, 2015

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge