UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| DAMON ANTHONY BRAZILE, | Case No. ED CV 14-01367-DFM |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER GRANTING PLANTIFF'S MOTION FOR EAJA FEES AND COSTS |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

## I.

## INTRODUCTION

On April 27, 2015, the Court entered an Opinion and Order reversing the Commissioner's decision denying Plaintiff's application for Social Security Disability Insurance benefits and remanding the case for further administrative proceedings. On July 20, 2015, Plaintiff filed a Petition for Attorney Fees, Costs, and Expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Commissioner opposes Plaintiff's application for attorney's fees, arguing that the government's position was "substantially justified" under 28 U.S.C. § 2412(d)(1)(A), precluding any award of fees.

Having considered Plaintiff's petition, the Commissioner's opposition,

and the reply, as well as the records and pleadings, the Court finds that the remand of Plaintiff's claim for a new administrative hearing constitutes a favorable decision and that the Commissioner's position was not substantially justified. Thus, Plaintiff is entitled to an award of reasonable attorney's fees.

## II.

## DISCUSSION

**A.** **Plaintiff Is Entitled to Attorney's Fees as the Prevailing Party Because the Government's Position Was Not Substantially Justified**

The EAJA provides that a court shall award reasonable attorney's fees, court costs and other expenses to the prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); accord Pierce v. Underwood, 487 U.S. 552, 559 (1988); Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002). The term "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D).

A position is "substantially justified" if it has a "reasonable basis both in law and fact." Pierce, 487 U.S. at 565. "Substantially justified" means "justified to a degree that could satisfy a reasonable person." Id. More recently, the Ninth Circuit has clarified that the government's position is "substantially justified" where supported by the record. Hardisty v. Astrue, 592 F.3d 1072, 1080 (9th Cir. 2010) ("The government's adverse credibility finding was substantially justified because all of the inferences upon which it rested had substance in the record."). The government has the burden of proving its positions were substantially justified. Flores v. Shalala, 49 F.3d 562, 569-70 (9th Cir. 1995). However, the mere fact that a court reversed and remanded a case for further proceedings "does not raise a presumption that [the

government's] position was not substantially justified." <u>Kali v. Bowen</u>, 854 F.2d 329, 334 (9th Cir. 1988.)

Here, the Court remanded the case for further administrative proceedings because the Administrative Law Judge erred in relying upon the testimony of a vocational expert ("VE") to find that Plaintiff could, notwithstanding his impairments, perform certain jobs available in the economy. Although the VE testified that Plaintiff could perform the identified jobs given a residual functional capacity which precluded Plaintiff from overhead reaching, the Dictionary of Occupational Titles ("DOT") provided that each of the identified jobs require "frequent" reaching. The record contained no explanation from the VE regarding this apparent conflict between the VE's testimony and the DOT. The Court concluded that, based on applicable Social Security regulations and Ninth Circuit authority, the VE's failure to do so was error. The Court further concluded that the error was not harmless.

The Commissioner has not met her burden to show that her position – and in particular the position which caused this civil action – was substantially justified. The Commissioner argued that there was no conflict between the VE's testimony and the DOT because Plaintiff's preclusion from reaching overhead does not conflict with the requirements of the identified jobs and Plaintiff could perform the jobs without reaching overhead. However, the Court rejected this argument as unpersuasive because the DOT makes no distinction between overhead reaching and other kinds of reaching. <u>See, e.g.</u>, <u>Mkhitaryan v. Astrue</u>, No. 09-6971, 2010 WL 1752162, *3 (C.D. Cal. Apr. 27, 2010) ("As defined in the [DOT], the plain meaning of 'reaching' encompasses above-the-shoulder reaching.").

///

///

3

Accordingly, the Court finds that the Commissioner has failed to show that her position was "substantially justified." Plaintiff is therefore entitled to an award of attorney's fees under the EAJA as the prevailing party.

**B.      The Hours Claimed by Plaintiff Are Reasonable**

Plaintiff seeks an award in a total amount of $5,603.82, which consists of: (1) $4,902.52 for attorney time in 2014 and 2015, which represents 25.8 hours at $190.02 per hour; (2) $671.30 for paralegal time, which represents 4.9 hours at $137 per hour; and (3) $30.00 in costs for service of the summons and complaint.

This Court has the discretion to evaluate the reasonableness of the number of hours claimed by a prevailing party. Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001); Gates v. Deukmejian, 987 F.2d 1392, 1398 (9th Cir. 1992). The Court should exclude hours that were not reasonably expended. Hensley v. Eckerhart, 461 U.S. 424, 434 (1992). In determining reasonableness, the Court must consider, among other factors, the complexity of the case or the novelty of the issues, the skill required to perform the service adequately, the customary time expended in similar cases, as well as the attorney's expertise and experience. Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975); Widrig v. Apfel, 140 F.3d 1207, 1209 n.5 (9th Cir. 1998).

The Court must generally give deference to the "winning lawyer's professional judgment as to how much time he was required to spend on the case," particularly in contingency fee cases, such as this one. Costa v. Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1136 (9th Cir. 2012) (citing Moreno v. City of Sacramento, 534 F.3d 1106, 1112-13 (9th Cir. 2008) (noting that "lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees" because "[t]he payoff is too uncertain"). Here, the Commissioner does not challenge Plaintiff's requested hours and after

4

reviewing the time records counsel submitted and the pleadings in this matter, the Court finds that the total requested time of 30.7 hours is reasonable. <u>See, e.g.</u>, <u>Russell v. Sullivan</u>, 930 F.2d 1443, 1446 (9th Cir. 1991) (approving 54.5 hours as reasonable for services rendered before both the district court and the court of appeals in a social security case), <u>abrogated on other grounds by Sorenson</u>, 239 F.3d at 1149.

However, the Court finds that Plaintiff's calculation for the attorney's fee "cost of living" adjustment is slightly incorrect. Under the EAJA, attorney's fees were capped at a maximum rate of $125 per hour as of March 1996, "plus any 'cost of living' and 'special factor' adjustments." <u>Sorenson v. Mink</u>, 239 F.3d 1140, 1145 (9th Cir. 2001). Based on the formula approved in <u>Thangaraja v. Gonzales</u>, 428 F.3d 870, 876-77 (9th Cir. 2005), the statutory maximum hourly rate under the EAJA, adjusted for increases in cost of living, was $190.06 for 2014 and $189.68 for the first half of 2015.[1] According to counsel's billing records, the work on Plaintiff's case totaled 21.3 hours in 2014 and 4.5 hours in 2015. Exh. 2.[2] Therefore, Plaintiff is entitled to $4,048.28 in 2014 and $853.56 in 2015 for attorney's fees and $671.30 in paralegal work for a total of $5,573.14 in EAJA fees.

In addition, Plaintiff is entitled to an award of costs and expenses as the prevailing party, which the Commissioner also does not challenge. <u>See</u> 28 U.S.C. § 2412(a)(1) (stating that a judgment for costs, as enumerated in 28 U.S.C. § 1920, may be awarded to the prevailing party); 28 U.S.C. § 2412(d)(1)(A) & (d)(2)(A) (providing that fees and other expenses recoverable

---

[1] <u>See</u> http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039.

[2] All citations to "Exh." are references to the declaration of Vijay J. Patel and the attached exhibit filed with Plaintiff's Petition for Attorney Fees, Costs, and Expenses Under the Equal Access to Justice Act, Dkt. 18.

by the prevailing party include the reasonable expenses of expert witnesses and the reasonable cost of any study, analysis, engineering report, test, or project found by the court to be necessary for preparation of the party's case); see also Fed. R. Civ. P. 54(d)(1) (stating that costs may be imposed against the United States, its officers, and its agencies only to the extent permitted by law); C.D. Cal. Local Rule 54-3.2 (identifying "[f]ees for service of process" as taxable cost); Patterson v. Apfel, 99 F. Supp. 2d 1212, 1215 (C.D. Cal. 2000) (as prevailing party in social security disability case, claimant was entitled to an award of costs and expenses under the EAJA). The Court concludes that Plaintiff reasonably and necessarily incurred costs of $30 for filing and service of the complaint in this action, and is therefore entitled to recover these costs.

Finally, the Commissioner argues that, if any EAJA fees are to be awarded, the Court should order the fees paid to Plaintiff notwithstanding Plaintiff's assignment of any such fees to her counsel under Astrue v. Ratliff, 560 U.S. 586 (2010). See Dkt. 30 at 12-14.  The Court does not agree that Ratliff precludes direct payment of EAJA fees to Plaintiff's counsel, subject to any offset to satisfy any pre-existing debt that Plaintiff may owe the government. See Ramirez v. Colvin, No. 12-5308, 2013 WL 4039066, at *4 (C.D. Cal. Aug. 6, 2013) (concluding that "plaintiff's counsel is entitled to direct payment of the EAJA award if there has been a valid assignment" subject to "offset to satisfy any pre-existing debt that the litigant owes to the United States").

///
///
///
///
///
///

### III.

### CONCLUSION

IT IS THEREFORE ORDERED AS FOLLOWS: (1) Plaintiff's EAJA Petition is GRANTED; (2) Plaintiff is awarded EAJA fees in the amount of $5,573.14 and costs in the amount of $30.00; and (3) the Commissioner shall pay such amounts, subject to any offset to which the Government legally is entitled, directly to Plaintiff's counsel.

Dated: December 16, 2015

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge